United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON P. FROST, <br>     Plaintiff, <br> v. <br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br>     Defendants. | Case No. 17-cv-01240-JCS <br><br> **ORDER REVIEWING CASE PURSUANT TO 28 U.S.C. § 1915 AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 6 |

## I. INTRODUCTION

This action relates to a Freedom of Information Act ("FOIA") request made by Plaintiff Vinton Frost to the Federal Bureau of Investigation ("FBI"). Plaintiff requested leave to proceed in forma pauperis in this action, which the Court granted on March 27, 2017. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). The Court also addresses Plaintiff's request for appointment of counsel. *See* Dkt. No. 6. For the reasons stated below, the Court dismisses Plaintiff's claims against the Department of Justice ("DOJ") with leave to amend, dismisses Plaintiff's claims against Defendants Melanie Ann Pustay and Sean O'Neill without leave to amend, and vacates the June 9, 2017 Case Management Conference. The Court DENIES without prejudice Plaintiff's motion for appointment of counsel.[1]

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff initiated this action using a form complaint, to which he attached a January 30, 2017 letter ("January 30, 2017 Letter") from DOJ. *See* dkt. 1, 6–7. In the Complaint, Plaintiff challenged DOJ's denial of his request for expedited processing of his administrative appeal of the FBI's denial of a FOIA request. Complaint Section III; *see also* January 30, 2017 Letter. The Complaint does not describe the content of the underlying FOIA request, which is not in the record before the Court. The January 30, 2017 Letter stated that Plaintiff's request for expedited treatment had been denied because Plaintiff had not established that he was facing "grave punishment" and that the information requested would aid in his defense. January 30, 2017 Letter. The letter further stated that Plaintiff could appeal the denial of expedited treatment by filing an action under 5 U.S.C. § 552(a)(6)(E)(iii). *Id.*

On March 24, 2017, DOJ decided on the merits Plaintiff's administrative appeal of the FBI's denial of his FOIA request, thus rendering moot Plaintiff's original claim in this action that he was entitled to expedited treatment of his appeal. Plaintiff then filed an amended complaint challenging DOJ's determination on the merits. *See* First Amended Complaint ("FAC") & March 24, 2017 Letter ("the March 24, 2017 Letter") attached thereto. The March 24, 2017 Letter describes Plaintiff's FOIA request to the FBI as a request "for access to records concerning [himself]." March 24, 2017 Letter. In this letter, DOJ affirmed the FBI's denial of Plaintiff's FOIA request on three grounds.

First, the DOJ stated that "[t]o the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any records responsive to your request because the existence of such records is protected from disclosure pursuant to 5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552(b)(7)(E)." *Id.* The letter stated that this is the "standard response" made by the FBI with respect to requests for documents that would either confirm or deny an individual's placement on a government watch list because it is reasonably foreseeable that disclosure of such information would "harm the interests protected by" 5 U.S.C. § 552(b)(7)(E), known as "Exemption 7(E)." *Id.* DOJ noted that this response "should not be taken as an

2

1 indication that records do or do not exist." *Id.*

2 Second, as to "any other records," DOJ found that the FBI's original response—that it could "locate no main file records subject to the FOIA in its files"—was "correct" and that the FBI had "conducted an adequate, reasonable search for records responsive to [Plaintiff's] request." *Id*.

Third, the DOJ noted that Plaintiff sought additional records in his appeal that he had not included in his original FOIA request pertaining to "malpractice and financial fraud involving a third party." *Id*. The letter explained that it was not permissible to expand the scope of a FOIA request on appeal and advised Plaintiff that he would need to file a new FOIA request as to those records. *Id*.

In the FAC, Plaintiff states that he is "dissatisfied with the FOIA determination [in the March 24, 2017 Letter]" and alleges that he has "asked repeatedly for his experiences to be subject of a federal investigation." FAC, Section III. He further alleges, "[t]o the extent, if any, that Plaintiff is on a government watch list due to a third-party, Plaintiff would argue such placement would be a result of private and not public concerns, resulting from private parties illegally attributing actions to the state." *Id*. In his FAC, Plaintiff asserts a claim under 5 U.S.C. § 552(a)(4)(B) and names as defendants the DOJ and two individuals who hold positions at DOJ in their official capacities—Melanie Ann Pustay and Sean O'Neil. He requests an injunction enjoining "the agency from withholding agency records improperly withheld from the complainant and to determine the matter de novo." FAC, Section IV (internal citations omitted).

### III. ANALYSIS

#### A. Legal Standard under 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2)(B), a federal court should dismiss an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). A plaintiff's burden at the pleading stage is relatively light under Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed.R. Civ. P. 8(a) (requiring, *inter alia*, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). This is particularly true

3

of complaints drafted by pro se plaintiffs, which are construed liberally to give the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Nonetheless, the factual allegations of a complaint must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In *Ashcroft v. Iqbal*, the Supreme Court explained that under *Twombly*, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547).

### B. Legal Standard regarding FOIA Requests
#### 1. General Structure and Purpose of FOIA

FOIA was enacted with the "broad mandate" of "provid[ing] for open disclosure of public information." *Baldrige v. Shapiro*, 455 U.S. 345, 352 (1982); *see also Minier v. Cent. Intelligence Agency,* 88 F.3d 796, 800 (9th Cir. 1996)("FOIA entitles private citizens to access government records."). Thus, under FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C.A. § 552(a)(3)(A).

Notwithstanding FOIA's broad mandate for public disclosure of documents, it includes nine exemptions under which an agency may withhold documents. 5 U.S.C. § 552(b); *see Minier*, 88 F.3d at 800. "These exemptions are 'explicitly exclusive'" in nature, meaning "an agency may withhold a document or portion thereof, *only if* the material at issue falls within one of the nine statutory exemptions." *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir. 1997) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989)) (emphasis added). Further, the Ninth Circuit has held that "in light of FIOA's purpose of encouraging disclosure, . . . 'its exemptions are to be interpreted narrowly.'" *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (quoting *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)). Where an agency withholds documents under one of FOIA's exemptions, the agency "bears the burden of demonstrating that the exemption properly applies to the documents." *Lahr*,

4

569 F.3d at 973.

If a government agency denies production of requested documents under FOIA, the requester may administratively appeal the agency's decision pursuant to the agency's relevant regulations. *See e.g. Hidalgo v. FBI*, 344 F.3d 1256 (D.C. Cir. 2003). For FBI requests, which are subject to DOJ regulations, appeals are decided by the Office of Information Policy ("OIP"). *See* 28 C.F.R. § 0.24. Once a FOIA requester has exhausted all administrative remedies, and if he or she continues to be dissatisfied with the government agency's responses, the requester may appeal the government agency's decision to a federal district court in the district where he or she resides. *See* 5 U.S.C. § 552(a)(4)(B) ("the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *In re Steele*, 799 F.2d 461, 465-466 (9th Cir. 1986) (holding that exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review and that "[w]here no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine.").

Where denial of a FOIA request is challenged in federal district court, the court reviews the matter de novo and "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C.A. § 552(a)(4)(B). FOIA defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—(A) the Congress; (B) the courts of the United States; (C) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia." 5 U.S.C. § 551(1). The Ninth Circuit has held that this definition does not include individuals and therefore, that an individual is not a proper defendant in a FOIA action. *Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011) (dismissing with prejudice FOIA claims asserted against various individuals on the basis that FOIA applies only to agencies and not individuals); *see also Ginarte v. Mueller*, 534 F. Supp. 2d 135, 137 (D.D.C. 2008) (holding that DOJ was proper defendant in FOIA action challenging FBI's response to FOIA request and that neither Attorney General nor

the Director of the FBI was a proper defendant).

A plaintiff in a FOIA action may be entitled to injunctive relief where the court finds that the agency's reliance on a FOIA exemption was improper or where the agency "'fails to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Lahr*, 569 F.3d at 986 (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). An agency may demonstrate that it has conducted a search that was "reasonably calculated to uncover responsive records" by submitting "in good faith" "reasonably detailed, non-conclusory affidavits depicting adequate searches for the documents requested." *Zemansky*, 767 F.2d at 571, 574; *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1082 (N.D. Cal. 2015) (holding on summary judgment that agency was required to provide affidavits describing "'what records were searched, by whom, and through what process'" in order to demonstrate that it had conducted an adequate search for documents in response to FOIA request) (quoting *Lawyers' Comm. for Civil Rights v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (internal citation omitted)).

Similarly, "[t]he agency may meet its burden [of showing documents were properly withheld under one of FOIA's exemptions] by submitting a detailed affidavit showing that the information 'logically falls within the claimed exemptions.'" *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996) (quoting *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir.1992)). "[A] district court must accord "substantial weight" to [agency] affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [agency] bad faith." *Id*. (internal quotation and citation omitted). Where a FOIA requester makes a showing of bad faith on the part of the agency, "the remedy . . . is to review the agency affidavits with greater scrutiny, not to require disclosure of properly exempted documents." *Id*. at 803.

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Kalu v. Internal Revenue Serv.*, 159 F. Supp. 3d 16, 20 (D.D.C. 2016); *see also Flightsafety Servs. Corp. v. Dep't of Labor*, 326 F.3d 607, 610 (5th Cir. 2003)("[M]ost FOIA cases are resolved at the summary judgment stage.").

**2. Exemption 7(E)**

Exemption 7(E), invoked by the DOJ in this matter, permits a government agency to withhold records that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The Ninth Circuit has held that Exemption 7(E) applies only where the investigative technique or procedure claimed to fall within the exemption is "not generally known to the public." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 815 (9th Cir. 1995). For example, in *Rosenfeld*, the Ninth Circuit upheld the district court's ruling that "pretext phone calls" by investigators qualify as "routine-technique exception[s]" to Exemption 7(E) because the use of such calls "constitutes an investigative technique generally known to the public." *Id.* In reaching this conclusion, the Ninth Circuit rejected the agency's assertion that the routine-technique exception did not apply because the particular pretext was based on a specific individual. *Id.* The court reasoned that that the agency's argument "prove[d] too much." "If we were to follow such reasoning, the government could withhold information under Exemption 7(E) under any circumstances, no matter how obvious the investigative practice at issue, simply by saying that the 'investigative technique' at issue is not the practice but the application of the practice to the particular facts underlying that FOIA request." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 815 (9th Cir. 1995).

In *Hamdan v. U.S. Dep't of Justice*, the Ninth Circuit revisited the distinction between a technique (which may be subject to Exemption 7E if the technique is not generally known) and the *application* of the technique (which generally does not fall under Exemption 7). 797 F.3d 759, 777 (9th Cir. 2015). In that case, the agency claimed that Exemption 7 applied to records that would reveal "'techniques and procedures related to surveillance and credit searches,'" and in one document, "'a stratagem, the details of which if revealed would preclude its use in future cases.'" The Ninth Circuit found that the agency's assertion of Exemption 7 was proper, explaining that while "credit searches and surveillance are publicly known law enforcement techniques," the affidavits submitted by the agency said that "the records reveal techniques that, if known, could

7

enable criminals to educate themselves about law enforcement methods used to locate and apprehend persons." *Id.* The court found that these affidavits implied "a specific *means* of conducting surveillance and credit searches rather than an application." *Id.* On this basis, the court distinguished *Rosenfeld* and found that the records fell under Exemption 7. To illustrate the distinction between a technique and an application, the court noted that "[b]y contrast, withholding, for example, records under Exemption 7(E) by claiming that they reveal the satellite surveillance of a particular place would be an application of a known technique under [*Rosenfeld*] (though that information might be protected by other exemptions)." *Id.*

In applying Exemption 7 in cases involving FOIA requests for records relating to government watch lists, courts have found that Exemption 7(E) allows agencies not only to withhold such records but to refuse to even confirm or deny whether they exist – what is known as a "Glomar response" – so long as the agency provides affidavits showing that such a response is justified under Exemption 7. *See, e.g., Kalu v. Internal Revenue Service*, 159 F. Supp. 3d 16, 22 (D.D.C. 2016) (granting summary judgment in favor of FBI based on agency affidavits showing that use of Glomar responses to watch list requests prevents terrorists from piecing together information about who has been placed on a watch list and who has not and prevents them from using that information to deduce "the criteria and standards for placing individuals on [them]," which "have not been made publicly known."); *see also Asian Law Caucus v. U.S. Dep't of Homeland Sec.*, 2008 WL 5047839 at *4 (N.D. Cal. Nov. 24, 2008) ("The public does not already have routine and general knowledge about any investigative technique relating to watchlists. The Public merely knows the existence of watchlists.").

**C. Discussion**

**1. Claims Against Defendants Pustay and O'Neill**

As discussed above, FOIA applies to agencies, not individuals. *Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011). Accordingly, Plaintiff's claims against Pustay and O'Neill are subject to dismissal with prejudice.

**2. Claims Against DOJ**

Typically, FOIA claims are decided at the summary judgment stage of the case rather than

8

on the pleadings. This is appropriate because, as discussed above, it is the agency's burden to demonstrate that it conducted a search reasonably calculated to uncover all relevant documents and that any documents the agency withheld under a FOIA exemption fall within that exemption. Agencies usually meet this requirement through the submission of affidavits. Thus, at the pleading stage, a FOIA requester need only show that a request for records meets the requirements of U.S.C.A. § 552(a)(3)(A) (providing that the request must "reasonably describe[ ]" the records requested and be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"), and that the request has been properly exhausted. Here, it appears that Plaintiff's FOIA request was properly exhausted.[2] The Court cannot determine, however, whether the request satisfies the requirements of § 552(a)(3)(A) because Plaintiff failed to attach a copy of his original FOIA request to the complaint. Nor does the complaint allege any specific facts that would allow the Court to determine whether or not the requirements of this section were met.

Accordingly, the Court dismisses Plaintiff's claim against DOJ with leave to amend his complaint to allege specific facts showing that he "reasonably described" the records he requested in his FOIA request and made his request in accordance with published rules stating the time, place, fees (if any), and procedures to be followed. In addition, Plaintiff is requested to attach a copy of the FOIA request to his amended complaint.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), this Court is authorized to appoint an attorney to represent any person unable to afford counsel only under "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Thus, to appoint counsel under this section, the Court must find that a party is unable to afford counsel, that is, that he or she qualifies for in forma pauperis status, and that he or she meets the "exceptional circumstances" requirement. "A finding of exceptional circumstances requires an evaluation of both 'the

---

[2] The Court notes, however, that it does not have jurisdiction to review the agency's failure to produce records that fall outside of the scope of his FOIA request as any claims as to requests for such documents have not been exhausted.

9

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).[3]" *Id.*

This Court has already found that Plaintiff qualifies for in forma pauperis status, satisfying the financial need aspect of the Court's analysis. Therefore, the remaining and dispositive question regarding Plaintiff's motion for appointment of counsel is whether there are "exceptional circumstances" to warrant the appointment of counsel. At this early stage of the case, the Court is unable to determine whether Plaintiff is likely to succeed on the merits and therefore does not find that exceptional circumstances warrant appointment of counsel. Therefore the court denies Plaintiff's request without prejudice to renewing his request for counsel at a later stage of the case.

## V. CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's claims against Defendants Pustay and Sean O'Neill with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915. The Court dismisses Plaintiff's claim against DOJ with leave to amend. Plaintiff shall file an amended complaint, with his FOIA request attached, within thirty (30) days of the date of this Order. The Motion to Appoint Counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: May 15, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] While *Wilborn* cites to requests for counsel under "Section 1915(d)", the 1996 amendments to this section redesignated former subsection (d) as subsection (e). H.R. 3019, 104th Cong. (1996).

10