# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON P. FROST,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Case No. 17-cv-01240-JCS<br><br>**ORDER REVIEWING SECOND AMENDED COMPLAINT AND ORDERING SERVICE OF THE SECOND AMENDED COMPLAINT ON THE DEPARTMENT OF JUSTICE** |

On May 15, 2017, the Court issued an order pursuant to 28 U.S.C. § 1915 reviewing Plaintiff's First Amended Complaint ("FAC"), filed on March 30, 2017. The FAC asserts claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, based on the FBI's response to a FOIA request addressed to it in which Plaintiff requested records about himself ("the FBI Request"). In the Order, the Court identified certain deficiencies and gave Plaintiff leave to amend as to some claims. In the meantime, on May 8, 2017, Plaintiff filed a document in this case styled as a "supplemental complaint." *See* Docket No. 11. That document asserts FOIA claims based on a different FOIA request seeking records from the Office of the Attorney General ("the Office of the Attorney General FOIA Request"). Plaintiff received a response to that request in a letter dated March 16, 2017 and a letter rejecting his administrative appeal dated April 28, 2017, after he had filed his FAC. *See* Supplemental Complaint, Exs. A-C. In his supplemental complaint, like his FAC, Plaintiff named Department of Justice as a defendant, among others. Because both claims involve the same defendant, it is permissible for Plaintiff to join them in a single action, even though they are based on different FOIA requests. *See* Fed. R. Civ. P. 18(a);

*Hicks v. Matevousian*, No. 116CV01440JLTPC, 2017 WL 1837258, at *3 (E.D. Cal. May 8, 2017) (noting that Rule 18(a) "permits the joinder of multiple claims against the same party."). Nonetheless, should Plaintiff seek to assert any *additional* claims based on other FOIA requests that are not addressed in the SAC, he is instructed to file any such claims as separate actions rather than in this action in order to allow the instant action to move forward.

Although the Court did not directly address the claims in the supplemental complaint when it conducted its initial review under 28 U.S.C. § 1915, the principles set forth in its May 15, 2017 Order are applicable to those claims. Plaintiff has now filed a Second Amended Complaint ("SAC") asserting claims against the Department of Justice based on both FOIA Requests. In doing so, he has remedied the deficiencies the Court identified in its May 15, 2017 Order as to the claims based on the FBI Request and has also amended his claims based on the Office of the Attorney General FOIA Request consistent with the Court's guidance. The Court finds that the claims set forth in Plaintiff's SAC are sufficient to survive initial review under 28 U.S.C. § 1915 except in one respect. As the Court explained it its May 15, 2017 order, FOIA claims may be asserted only against an "agency." Based on that principle, the Court dismissed with prejudice Plaintiff's claims against the individual defendants named in the FAC. The Court inadvertently failed to dismiss the Office of Information Policy ("OIP") in its previous order, but the same principle applies to it. *See Gordon v. Courter*, 118 F. Supp. 3d 276, 282 (D.D.C. 2015) (dismissing OIP in FOIA action on the basis that it is not a proper defendant). Therefore, the Court DISMISSES WITH PREJUDICE all claims asserted in the SAC against OIP.

Accordingly, pursuant to 28 U.S.C. § 1915(d), the Clerk is ORDERED to issue summons as to Department of Justice. The U.S. Marshal for the Northern District of California is ORDERED to serve a copy of each of the following documents on Defendant: (1) summons; (2) the First Amended Complaint, Supplemental Complaint and the Second Amended Complaint (Docket Nos. 7, 11 and 13); (3) the Court's May 15, 2017 1915 Review (Docket No. 12); (4) the Initial Case Management Scheduling Order (Docket No. 4); and (5) a copy of this Order. The Court further orders that **within thirty days (30) of service, the Department of Justice shall initiate efforts to meet and confer with Plaintiff in order to develop a joint proposed**

**schedule for the case, which shall be submitted to the Court for approval within 60 days of service**.

**IT IS SO ORDERED.**

Dated: June 28, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3