UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON P. FROST,<br>    Plaintiff,<br>    v.<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>    Defendant. | Case No. 17-cv-01240-JCS<br><br>**ORDER DENYING MOTION TO CORRECT DOCKET ENTRY AND MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 26, 27 |

Presently before the Court are two motions filed by Plaintiff: 1) a Motion to Transfer this action to the district court in the District of Columbia; and 2) a Motion to Correct Docket Entry. The Court DENIES both motions for the reasons set forth below.[1]

In the Motion to Transfer, Mr. Frost asks the Court to transfer this action to the district court in the District of Columbia on the basis of his belief that venue in this district is incorrect under 28 U.S.C. § 1391(e)(1)(B), which governs venue in cases where the defendant is an "officer or employee of the United States." Because Mr. Frost's claim is brought under the Freedom of Information Act ("FOIA"), however, his claim is subject to the broad venue provisions of that statute, set forth at 5 U.S.C. § 5523(a)(4)(B). That section provides, in relevant part, that "[o]n complaint, the district court of the United States *in the district in which the complainant resides*, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." As Mr. Frost resides in San Francisco, California, venue in this district is proper. Thus, while Defendant

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Department of Justice has filed a non-opposition to Mr. Frost's request to transfer, there appears to be no basis for such a transfer on the present record and the Motion to Transfer is therefore DENIED. The Court's denial is without prejudice to Mr. Frost requesting a transfer on the basis of convenience under 28 U.S.C. § 1404(a) should he wish to do so.

The Court also denies Mr. Frost's request to correct Docket Entry No. 24 with respect to the calculation of deadlines for answering the complaint and submitting a proposed schedule for the case. Mr. Frost is correct that the Department of Justice was served on July 20, 2017, but the U.S. Attorney in San Francisco, which will be representing the Department of Justice in this action, was not served until July 26, 2017. The Court calculates dates based on the later date. Therefore, the docket entry is correct.

**IT IS SO ORDERED.**

Dated: August 10, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge