UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON P. FROST,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Case No. 17-cv-01240-JCS<br><br>**COURT'S CERTIFICATION THAT APPEAL IS NOT TAKEN IN GOOD FAITH** |

       Under Rule 24 of the Federal Rules of Appellate Procedure, "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification." Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Ninth Circuit has construed "not taken in good faith" to mean frivolous. *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole"). Here, the Court finds that Plaintiff's appeal is frivolous.

       Plaintiff's appeal appears to be based on his assertion that the FBI did not conduct an adequate search for documents in response to his Freedom of Information Act ("FOIA") request. In particular, he argues that a word on one of the pages that was produced by the FBI was a "codeword" that provided an "obvious and significant lead for FOIA-responsive documents" and that this lead should have been pursued by the FBI. *See* Dkt. No. 109 at pp. 1-2. A FOIA search

is adequate so long as the agency has "conducted a search reasonably calculated to uncover all relevant documents[,]" which can be demonstrated by submitting "in good faith" "reasonably detailed, non-conclusory affidavits depicting adequate searches for the documents requested." *Zemansky v. EPA*, 767 F.2d 569, 571, 574 (9th Cir. 1985). Further, it is well-established that "hypothetical assertions [that documents are likely to exist] are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." *Meeropol v. Meese*, 790 F.2d 942, 952–53 (D.C.Cir.1986).

Here, the Court found on summary judgment that the FBI conducted a search reasonably calculated to uncover all relevant documents based on affidavits that were submitted in good faith. Plaintiff's theory that a word in one of the documents produced by the agency is a codeword that provides clues as to the existence of additional responsive documents is entirely speculative. Therefore, the Court finds that Plaintiff's appeal is not taken in good faith.

Dated: February 1, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge